UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL BAKER, SAILY TORRES,
ALEX CAMINERO, and ERIC ESCALANTE,
On behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.                                          Case No. 8:10-cv-2596-T-24 TBM

FIDELITY MORTGAGE DIRECT CORP.,
KEYSTONE FINANCIAL CORPORATION,
ADVANCE MEDIA MARKETING CO., and
JONATHAN A. PINEDA,

        Defendants.

_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motions for Entry of Default Judgment as to Keystone Financial Corporation (Doc. No. 26) and Fidelity Mortgage Direct Corp., Advance Media Marketing Co., and Jonathan A. Pineda (Doc. No. 27) and Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 33).

**I.**     **Background**

On November 18, 2010, Plaintiffs Michael Baker, Saily Torres, Alex Caminero, and Eric Escalante filed a complaint against Defendants Fidelity Mortgage Direct Corp., Keystone Financial Corporation, Advance Media Marketing Co., and Jonathan A. Pineda alleging that Defendants violated provisions of the Fair Labor Standards Act ("FLSA") by failing to pay overtime to Plaintiffs (Count I) and violated Florida common law by failing to pay certain contractual wages (Count II).  (Doc. No. 1).  On January 10, 2011, Defendants Fidelity Mortgage

1

Direct Corp., Advance Media Marketing Co., and Mr. Pineda filed their Answer to Plaintiffs' Complaint.  (Doc. No. 13).

On January 12, 2011, the Court entered an order directing attorney David W. Langley, counsel for Defendants Fidelity Mortgage Direct Corp., Advance Media Marketing Co., and Mr. Pineda, to become a member of the bar of the Middle District of Florida, sign up for CM/ECF, enter an email address in his CM/ECF account, and electronically file a notice of compliance with the order by February 11, 2011.  (Doc. No. 15).  If Mr. Langley did not comply with the order, the Court stated that it would strike Defendants Fidelity Mortgage Direct Corp., Advance Media Marketing Co., and Mr. Pineda's Answer and would entertain a motion for entry of clerk's default as to those Defendants.[1]  Mr. Langley failed to comply with the Court's order and on February 28, 2011, the Court directed the Clerk to strike Defendants Fidelity Mortgage Direct Corp., Advance Media Marketing Co., and Mr. Pineda's Answer.  (Doc. No. 19).  On February 28, 2011, Plaintiffs moved for entry of clerk's default against Defendants Fidelity Mortgage Direct Corp., Advance Media Marketing Co., and Mr. Pineda, and on March 1, 2011, the Clerk entered default against those Defendants.  (Doc. Nos. 20–23).

On March 1, 2011, Plaintiffs moved for entry of default judgment against Keystone Financial Corporation (Doc. No. 26), and on March 3, 2011, Plaintiffs moved for entry of default judgment against Fidelity Mortgage Direct Corp., Advance Media Marketing Co., and Mr. Pineda (Doc. No. 27).  In their motions for default judgment, Plaintiffs requested a hearing to establish damages.  The Court directed Plaintiffs to submit affidavits regarding their hours

---

[1] Clerk's default was entered against the fourth defendant, Keystone Financial Corporation, on January 11, 2011, because Keystone Financial Corporation was served with the Complaint but did not file a responsive pleading. (Doc. No. 14).

worked for Defendants, overtime hours worked for Defendants, unpaid overtime compensation owed to Plaintiffs, and unpaid wages owed to Plaintiffs.  (Doc. No. 28).

Plaintiffs submitted affidavits and assert that the following damages are due to them:

- Michael Baker: $108.60 in overtime; $108.60 in liquidated damages; $675.00 in wages;[2] and $2,000.00 in commission.  Total damages sought by Plaintiff Baker: $2,892.20.  Plaintiff Baker calculates overtime due based on 3 hours of overtime per week for 10 weeks, multiplied by $3.62, which is half of his estimated hourly rate ($7.25).[3]  Thus, 3 x 10 x $3.62 = $108.60.  (Doc. No. 30).

- Alex Caminero: $697.20 in overtime and $697.20 in liquidated damages.  Total damages: $1,394.40.  Plaintiff Caminero calculates overtime due based on 3 hours of overtime per week for 56 weeks, multiplied by $4.15, which is half of Plaintiff Caminero's estimated hourly rate ($8.30).  Thus, 3 x 56 x $4.15 = $697.20.  (Doc. No. 29).

- Eric Escalante: $1,737.60 in overtime; $1,737.60 in liquidated damages; and $28,000 in commission.  Total damages: $31,475.20.  Plaintiff Escalante calculates overtime due based on 15 hours of overtime per week for 32 weeks, multiplied by $3.62, which is half of his estimated hourly rate ($7.25).  Thus, 15 x 32 x $3.62 = $1,737.60.  (Doc. No. 32).

---

[2] The Court notes that there is a discrepancy between the unpaid wages claimed by Baker and actual unpaid wages owed to Baker.  In paragraphs 7-8 of Baker's affidavit (Doc. No. 30), he states that he is owed $900.00 in unpaid wages because he was hired at a salary of $1,200.00 per month but was only paid a salary of $900.00 per month.  Thus, he argues, he is owed $900.00 in unpaid wages, which represents the $300.00 difference during each of his three months of employment.  Baker, however, also states that he worked for Defendants from January 4, 2010 to March 9, 2010, which is approximately two months and one week, not three months.  Accordingly, the Court finds that Baker is owed $675.00 ($300.00 + $300.00 + $300.00/4 weeks = $675.00) in unpaid wages.

[3] Plaintiffs were paid their hourly wages but not the extra ½ of hourly wages for overtime that was worked.

- Saily Torres: $3,632.64 in overtime; $3,632.64 in liquidated damages; and $300.00 in commission.  Total damages: $7,565.28.  Plaintiff Torres calculates overtime due based on 12 hours per week for 64 weeks, multiplied by $4.73, which is half of her estimated hourly rate ($9.47).  Thus, 12 x 64 x $4.73 = $3632.64.  (Doc. No. 31).

Plaintiffs subsequently filed a Suggestion of Bankruptcy and Request of Partial Stay as to Defendant Jonathan A. Pineda.  (Doc. No. 34).  On April 13, 2011, the Court ordered a stay as to Mr. Pineda pursuant to 11 U.S.C. § 362.  (Doc. No. 35).  Therefore, Mr. Pineda is excluded from the instant Order.

## II.    Motion for Default Judgment

Plaintiffs' motion requests damages for unpaid overtime compensation and liquidated damages pursuant to the FLSA (Count I) and unpaid wages and commission under Florida common law (Count II).[4]

Section 207 of the FLSA provides that "no employer shall employ any of his employees who in any workweek . . . is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. §

---

[4] Plaintiffs cited Florida Statutes § 448.08 in Count II of their complaint as a basis for recovering attorneys' fees.  (Doc. No. 1).  Section 448.08 does not create a cause of action for unpaid wages; it relates only to the award of attorneys' fees for prevailing parties in an action for unpaid wages brought pursuant to some other law.  *See, e.g.,* Fla. Stat. § 448.08 ("The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.").  Federal courts dealing with a claim for unpaid wages in which Fla. Stat. § 448.08 is the only statute cited in the claim have allowed the claim for unpaid wages to proceed under Florida common law.  *See, e.g., Short v. Bryn Alan Studios, Inc.*, 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008) (allowing an unpaid wages claim to proceed under Florida common law when the plaintiff cited Florida Statutes § 448.08 as a basis for an unpaid wage claim); *Edwards v. Niles Sales & Service, Inc.*, 439 F. Supp. 2d 1202, 1208 n. 6 (S.D. Fla. June 27, 2006).

207(a)(1).  Furthermore, the FLSA provides that any employer who violates § 207 of the FLSA "shall be liable to the employee . . . in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

Under Florida law, a claimant must file a claim for unpaid wages within two years or the statute of limitations bars the claim.  Fla. Stat. § 95.11(4)(c).  A claim for unpaid commission, however, has a four-year statute of limitations.  *See Richey v. Modular Designs, Inc.*, 879 So. 2d 665, 666 (Fla. 1st DCA 2004) (agreeing that claims for unpaid commission are subject to a four-year statute of limitations).

In absence of opposition, the Court finds that Plaintiffs are entitled to relief for unpaid overtime under the FLSA and unpaid wages and commission under Florida common law.  The Court finds that Plaintiffs are due the following amounts in damages:

- Michael Baker: $108.60 in overtime; $108.60 in liquidated damages; $675.00 in wages; and $2,000.00 in commission.  Total damages: $2,892.20.

- Alex Caminero: $697.20 in overtime and $697.20 in liquidated damages.  Total damages: $1,394.40.

- Eric Escalante: $1,737.60 in overtime; $1,737.60 in liquidated damages; and $28,000.00 in commission.  Total damages: $31,475.20.

- Saily Torres: $3,632.64 in overtime; $3,632.64 in liquidated damages; and $300.00 in commission.  Total damages: $7,565.28.

### III.    Motion for Attorneys' Fees

The FLSA authorizes an award of attorneys' fees and costs to prevailing plaintiffs in proceedings to enforce its provisions.  29 U.S.C. § 216(b).  In addition, Florida Statutes § 448.08 provides that a court may award reasonable attorneys' fees and costs to the prevailing party in a

suit for unpaid wages.[5]  Plaintiffs' counsel filed a Motion and Memorandum of Law to Tax

Attorneys Fees and Costs (Doc. No. 33), along with sworn statements from the two attorneys

who worked on Plaintiffs' case listing their credentials, hourly rates, and time spent working on

the matter (Doc. Nos. 33-1 to 33-2).

When a statute or rule of law permits an award of reasonable attorneys' fees to the

prevailing party, a court should utilize the lodestar method in computing the appropriate fees.

*Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).  Under

the lodestar method, a court determines the objective value of a lawyer's services by multiplying

the hours reasonably expended by a reasonable hourly rate. *Id.* at 1299 (citing *Hensley v.*

*Eckerhart,* 461 U.S. 424, 433 (1983)). A "reasonable hourly rate" is defined as "the prevailing

market rate in the relevant legal community for similar services by lawyers of reasonable

comparable skills, experience, and reputation."  *Id.*

Counsel's timesheets reflect work performed on the entire case, rather than distinguishing

between the FLSA claim and the Florida common law claim. But because Plaintiffs' attorneys

are entitled to statutory fees and costs for work on both claims, the Court need not parse out the

time spent on each claim.

Plaintiffs' attorney Luis Cabassa asserts that he worked 22.8 hours[6] on this matter and

has a current billing rate of $350.00 per hour; thus, he asks for fees totaling $7,980.00 for his

time on this case.  Cabassa has been practicing law for approximately sixteen years, is Board

---

[5] Florida courts have held that unpaid commissions are unpaid wages within the meaning of Fla.
Stat. § 448.08.  *See Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363, 367 (Fla. 2d DCA 1984).
[6] Attorney Cabassa's total time expended on this matter was 24.4 hours, but he removed 1.6
hours because they related to an employment-discrimination claim that was not part of the instant
case.

Certified as a Specialist in Labor and Employment Law, and has been admitted to several state and federal bars.  (Doc. No. 33-1).

Plaintiffs' attorney Cynthia Gonzalez asserts that she worked 10.2 hours on this matter and has a current billing rate of $300.00 per hour; thus, she asks for fees totaling $3,060.00 for her time on this case.  Gonzalez has been practicing law for thirteen years, served as a student law clerk for the United States District Court for the District of Puerto Rico, and has devoted a significant amount of her practice to labor and employment law.  (Doc. No. 33-2).

Courts in this district awarding attorneys' fees for FLSA claims have applied varied rates depending on the attorneys and circumstances of each case.  *See, e.g., Shannon v. Saab Training USA, LLC*, 2009 WL 1773808, at *6–7 (M.D. Fla. June 23, 2009) (outlining rates based on the number of years in practice, with over seven years of experience beginning at $275.00 per hour, and awarding an attorney with three years' experience $175.00 per hour); *Duckett v. Solutions Funding, Inc.*, 2008 WL 2704411, at *4 (M.D. Fla. July 9, 2008) (awarding $300.00 per hour to an attorney who had practiced for nine years within the state).  In *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259 (M.D. Fla. 2010), although not an FLSA case, Magistrate Judge Wilson noted, and Judge Covington adopted, "As someone who has handled numerous attorney fee motions over the years, I have reserved hourly rates in the $300.00-$400.00 range for the most skilled attorneys litigating complex cases." *Id.* at 1270.

Given the experience of Plaintiffs' attorneys, the hourly rates awarded within the district, the complexity of this matter, and in the absence of opposition, the Court finds that a billable rate of $300.00 per hour is reasonable for the attorneys' time spent in this case.  When considering the number of plaintiffs involved, the number of claims presented, and the absence of opposition, the Court also finds that the number of hours expended are reasonable and no hours are

excessive, redundant, or otherwise unnecessary.  Thus, the Court finds that an award of
$6,840.00 for attorney Cabassa's time (22.8 x $300.00 = $6,840.00) and $3,060.00 for attorney
Gonzalez's time (10.2 x $300.00 = $3,060.00) is reasonable, and awards Plaintiffs $9,900.00 in
combined attorneys' fees.

Plaintiffs' counsel assert that costs in this matter totaled $1,434.00, (Doc. No. 33 at 2),
but counsel did not provide a breakdown of these costs.  Because this Court may tax costs only
as allowed by statute, s*ee EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing
*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)), and Plaintiffs have not
made clear that all of their costs are covered by statute, the Court cannot award the full costs
requested.  The Court can, however, award the filing fee of $350.00, *see* 28 U.S.C. § 1914, and
service-of-process fees of $150.00 ($50.00 for each Defendant applicable in this Order).  S*ee
Levin v. Levans, Inc.*, 2010 WL 1571192, at *5 (S.D. Fla. March 15, 2010) (holding that costs
consisting of filing fees and service of process fees are allowable under 28 U.S.C. § 1920);
*Daniels v. Strategic Marketing Systems, Inc.*, 2007 WL 2479967, at *3 (M.D. Fla. Aug. 28,
2007) (awarding $100.00 for service of process on two defendants).  Thus, the Court awards
Plaintiffs $500.00 ($350.00 filing fee + $150.00 service of process fees) in costs.

## IV.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  Plaintiffs' Motions for Entry of Default Judgment (Doc. Nos. 26–27) and Motion for
    Attorneys' Fees (Doc. No. 33) are **GRANTED** as to Defendants Keystone Financial
    Corporation, Fidelity Mortgage Direct Corp., and Advance Media Marketing Co.[7]

2.  The Clerk is directed to enter judgment in favor of Plaintiff Michael Baker and

---

[7] The Motion for Entry of Default Judgment as to Defendant Pineda (Doc. No. 27) is terminated.
The Motion for Attorneys' Fees and Costs as to Defendant Pineda (Doc. No. 33) is terminated.

against Defendants Keystone Financial Corporation, Fidelity Mortgage Direct Corp., and Advance Media Marketing Co. on Count I for a total of $217.20 in unpaid overtime wages and liquidated damages under the FLSA and Count II for a total of $2,675.00 in unpaid wages and commission under Florida law.

3. The Clerk is directed to enter judgment in favor of Plaintiff Alex Caminero and against Defendants Keystone Financial Corporation, Fidelity Mortgage Direct Corp., and Advance Media Marketing Co. on Count I for a total of $1,394.40 in unpaid overtime wages and liquidated damages under the FLSA.

4. The Clerk is directed to enter judgment in favor of Plaintiff Eric Escalante and against Defendants Keystone Financial Corporation, Fidelity Mortgage Direct Corp., and Advance Media Marketing Co. on Count I for a total of $3,475.20 in unpaid overtime wages and liquidated damages under the FLSA and Count II for a total of $28,000.00 in unpaid commission under Florida law.

5. The Clerk is directed to enter judgment in favor of Plaintiff Saily Torres and against Defendants Keystone Financial Corporation, Fidelity Mortgage Direct Corp., and Advance Media Marketing Co. on Count I for a total of $7,265.28 in unpaid overtime wages and liquidated damages under the FLSA and Count II for a total of $300.00 in unpaid commission under Florida law.

6. The Court awards Plaintiffs $9,900.00 in attorneys' fees and $500.00 in costs from Defendants Keystone Financial Corporation, Fidelity Mortgage Direct Corp., and Advance Media Marketing Co.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of April, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record